IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES D. GRISSOM, JR.                                                    PLAINTIFF

        v.                              Civil No.   15-4054

RICHARD W. DREILING, Chairman and
Chief Executive Officer of Dollar General Inc.;
LOUISE (or LOUIS) JOY GRAHAM, Manager, Dollar
General Store #1, 1305 Dudley Street, Texarkana,
Arkansas; OFFICER EDWARD CHATTAWAY
#910, Texarkana Police Department (TPD) (Arkansas);
OFFICER ALLEN JOHNSON, TPD; CAPTAIN
GLENN M. LINKEDLN, (TPD); and DOLLAR
GENERAL, INC.                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

        This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds

*pro se* and *in forma pauperis.*  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the

Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for

the purpose of making a report and recommendation.

        As noted above, the Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(e)(2) the Court has the obligation to screen, prior to service, any

complaint in which an individual has sought leave to proceed IFP.  28 U.S.C. § 1915(e)(2).

### 1.  Background

        According to the allegations of the Complaint (ECF No. 1) and Addendum (ECF No. 6), on

January 3, 2015, at the Dollar General Store on Dudley Street in Texarkana, Arkansas, Louise

Graham accused the Plaintiff of shoplifting some batteries and underwear.  The Texarkana Police

Department was called.  When Officers Allen Johnson and Edward Chattaway responded, Plaintiff states he had no stolen items on his person.  Plaintiff asserts that the Officers detained him for approximately twenty-three minutes.  Plaintiff maintains they could detain him no longer than fifteen minutes without sufficient probable cause.

A warrant was issued for the Plaintiff's arrest.  He was served with the warrant on April 2, 2015.  He was convicted of shoplifting in connection with the incident at the Dollar General Store.  ECF No. 6 at ¶¶ 1-2.  Plaintiff was sentenced to one year of probation with fines.  Id. at pg. 9.

Plaintiff had no direct communication with Richard W. Dreiling or Captain Glenn M. Linkedln.  ECF No. 6 at ¶¶ 5-6.  The principal place of business of Dollar General is in Goodlettsville, Tennessee.  It is incorporated in Kentucky.  It has a registered agent for service in Arkansas.[1]

With respect to Defendant Dreiling, Plaintiff maintains Dollar General has allowed its employees to violate Company policies and procedures.  In turn, Plaintiff asserts this results in the violation of some of the customers' constitutional rights as well as violations of state laws.  He maintains Dollar General should be held accountable for the actions of its employees.

With respect to Captain Linkedln, Plaintiff maintains he has the responsibility of training his officers to properly investigate a crime.  Had this been done, Plaintiff maintains the Officers would have ascertained that Plaintiff was innocent of the alleged theft.

Plaintiff brings the following claims: false arrest, wrongful detention, defamation of character, and/or slander, and the tort of outrage.  As relief, Plaintiff asks for an award of

---

[1]The corporate name is listed as DolgenCorp, LLC, with a fictitious name of Dollar General.  http://www.sos.arkansas.gov/corps/search (accessed August 26, 2015).

compensatory and punitive damages.

### 2. Discussion

Under 28 U.S.C. § 1915(e)(2), the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

This case is subject to dismissal.  First, Plaintiff may not pursue any federal civil rights false arrest or false imprisonment claims.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id., at 486-87.  Plaintiff's conviction has not been reversed or otherwise declared invalid.

Second, internal jail policies and procedures do not create a constitutional right; nor does the

failure to follow such policies or procedures rise to the level of a §1983 claim.  See Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996).  Accordingly, Plaintiff's claims regarding any violation of the Texarkana Police Department fail as a matter of law.

Third, "defamation, per se, is not actionable under section 1983." Underwood v. Pritchard, 638 F.2d 60, 62 (8th Cir. 1981); see also Wade v. Goodwin, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the Due Process Clause.  Paul v. Davis, 424 U.S. 693 (1976).  Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." Idema v. Wager, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), aff'd 29 Fed. Appx. 676 (2d Cir. 2002).   Plaintiff's defamation claims should be dismissed.

Finally, federal courts are courts of limited jurisdiction.  See e.g., Godfrey v. Pulitzer Publishing Co., 161 F.3d 1137, 1141 (8th Cir. 1998).  Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law.   See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp., 225 F.3d 942, 945 (8th Cir. 2000).  "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'"  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998)(quoting Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)) (alteration in original)).  If it appears that jurisdiction is lacking, the Court will raise the issue *sua sponte*.  Dieser v. Cont'l Cas. Co., 440

F.3d 920, 923 (8th Cir. 2006).

As noted above, Plaintiff's federal constitutional claims are subject to dismissal.  I therefore turn to an examination of whether diversity of citizenship exists.  For diversity of citizenship to exist, there must be complete diversity of citizenship and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a)(1); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).  It is clear that diversity of jurisdiction does not exist in this case.  Both Plaintiff and several of the Defendants are citizens of the State of Arkansas.

**3.  Conclusion**

I recommend that this case be dismissed as the claims asserted are not presently cognizable under 42 U.S.C. § 1983, fail to state claims upon which relief may be granted, or because no basis of federal jurisdiction exists.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of August 2015.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

-5-